UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas Navarrette, <br> Plaintiff <br> v. <br> James Dzurenda, et al., <br> Defendants | Case No.: 2:17-cv-02533-JAD-NJK <br> **Screening Order** <br> [ECF Nos. 3, 4] |

Pro se plaintiff Nicholas Navarrette is an inmate at the High Desert State Prison (HDSP).[1] He sues Director of Prisons James Dzurenda, Warden Brian Williams, Sr., Associate Warden Perry Russel, and Director of Nursing Bob Faulkner for events that allegedly occurred during his incarceration.[2] Because he applies to proceed *in forma pauperis*,[3] I screen his civil-rights complaint under 28 U.S.C. § 1915A and consider all other pending motions.[4] I find on screening that Navarrette has failed to state a colorable deliberate-indifference-to-serious-medical-needs claim, so I dismiss it without prejudice and give him leave to amend it. I also find that Navarrette does not—and cannot—state a Fourteenth Amendment due-process claim, so I dismiss that claim with prejudice.

**Discussion**

**A.  Screening standard for pro se prisoner claims**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[5] In

---

[1] ECF No. 1-1 (complaint).

[2] *Id.*

[3] ECF No. 1.

[4] ECF Nos. 3, 4.

[5] *See* 28 U.S.C. § 1915A(a).

1

its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or which fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[6] In addition to the screening requirements, the Prison Litigation Reform Act (PLRA) requires a federal court to dismiss a prisoner's claim if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief."[7]

      Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.[8] In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.[9] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[10] but a plaintiff must provide more than mere labels and conclusions.[11] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[12] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

      All or part of a complaint filed by a prisoner may also be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in either law or fact. This includes claims based on legal

---

[6] *See* 28 U.S.C. § 1915A(b)(1)(2).

[7] 28 U.S.C. § 1915(e)(2).

[8] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[9] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[10] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[13] *Id.*

conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[14] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[15]

**B.    Screening the complaint**

   *1.    Background*[16]

In September 2010, Navarrette was diagnosed with an A-C separation in his left shoulder. He was given injections and medication for years to help control the pain and inflammation. Three years later, he was sent to HDSP, where he told the medical staff about his condition. They refused to prescribe him his normal medication and, instead, insisted that Tylenol was enough. The Tylenol was ineffective, so Navarrette endured shoulder pain for years.

In November 2016, Navarrette's shoulder was hurting more than normal, so he wrote an inmate-medical kite, requesting to be seen by a doctor. He was then notified that he had been scheduled. A month went by, Navarrette's pain continued, and he still had not been seen by a doctor. Navarrette sent another kite and, once again, was told that he was scheduled. This pattern went on for a few more months until Navarrette was finally seen by a doctor on March 15, 2017—123 days after his November kite. The doctor prescribed him his "normal medication."

The next month, Navarrette filed an informal grievance and administrative claim based on deliberate indifference and cruel and unusual punishment. The only remedy that he asked for was $1,000 dollars per day for the 123 days that he painfully endured before he saw a doctor. On April 14, 2017, a qualified medical staff member allegedly granted his grievance and

---

[14] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[15] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[16] These background facts, which I must take as true at this preliminary-screening stage, are taken directly from Navarrette's complaint. ECF No. 1-1. They are not intended as findings of fact.

approved his remedy request. Then, on June 14, 2017, a qualified grievance coordinator allegedly approved the medical staff member's decision.

Navarrette kited Faulkner two weeks later, giving him the medical grievance number and telling him that it was granted. Faulkner responded that he had no record of that grievance. On July 6, 2017, Navarrette sent a kite to Russell, explaining that his grievance was granted, but that medical administration refused to honor the remedy. Russell never responded.

Navarrette sent another kite to Faulkner telling him that, since he had no record of the granted informal grievance, he was sending a copy of the grievance, the administrative claim, and the approved response. He also asked Faulkner when his administrative claim would be settled. Faulkner responded that the medical department does not approve administrative claims. Navarrette alleges that this was a violation of administrative regulations.

On July 26, 2017, Navarrette wrote to Williams, Russell, and Dzurenda and explained the situation to them. Williams responded that he wasn't aware of an administrative claim being upheld, and Dzurenda didn't respond at all.[17] Navarrette sent another kite to Faulkner, who told him that the issue had already been addressed by Williams. The next month, Navarrette sent yet another kite to Williams, who responded that Navarrette had received an incorrect answer to his grievance, and he would not be receiving any money. Navarrette alleges that this conduct violated his Eighth and Fourteenth Amendment rights.

### 2. *Eighth Amendment*

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[18] A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[19] "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious

---

[17] Navarrette doesn't indicate whether Russell responded.

[18] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[19] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

4

enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."[20]

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury of the unnecessary and wanton infliction of pain."[21] To prove deliberate indifference, a plaintiff must prove that the prison official "knows of and disregards and excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[22]

To satisfy the deliberate-indifference prong, a plaintiff must show: a "(a) purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[23] "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[24] When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further harm.[25]

Even if an official knows of a substantial risk, that official is not deliberately indifferent if he responded reasonably under the circumstances.[26] Thus, when a prison official places a prisoner patient on a waiting list for treatment, that does not necessarily demonstrate deliberate indifference by that official if the official believes that there are patients with greater needs and that official lacks the authority to expand resources to address everyone's needs on a timely

---

[20] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

[21] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[22] *Farmer*, 511 U.S. at 837; *see also Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc).

[23] *Jett*, 439 F.3d at 1096.

[24] *Id.* (internal quotations omitted).

[25] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[26] *Farmer*, 511 U.S. at 844.

5

basis.[27] A prison medical official who fails to provide needed treatment because he lacks the necessary resources cannot have intended to punish the inmate, but the prison official who knowingly fails to provide sufficient medical resources may be compelled to correct the situation.[28]

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.[29] And "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."[30] To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health."[31]

A complaint that a medical provider "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."[32] Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.[33] A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[34] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew

---

[27] *Peralta*, 744 F.3d at 1082, 1083–85.

[28] *Id.* at 1084.

[29] *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

[30] *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981).

[31] *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

[32] *Estelle*, 429 U.S. at 106.

[33] *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

[34] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983."[35]

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor."[36] "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates."[37] So, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates."[38] There must be a sufficient causal connection between his or her wrongful conduct and the constitutional violation.[39]

I find that Navarrette has failed to state a colorable deliberate-indifference claim. He has alleged that he has a serious medical need (the shoulder separation and consequent pain), but he has not adequately alleged deliberate indifference by anyone, particularly any of the defendants. Navarrette was initially prescribed Tylenol instead of his "normal" pain medication, but neither a difference of opinion in medical treatment nor negligence constitutes deliberate indifference. He has also not alleged that the doctors prescribed Tylenol, knowing that it was the wrong drug for his condition.

Navarrette has also failed to allege that the four-month delay in his treatment constitutes deliberate indifference by any of the defendants. Although it took him four months to see a doctor, there is no indication that HDSP had the resources to see him sooner or that he was a

---

[35] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[36] *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

[37] *Id.* at 1207.

[38] *Id.*

[39] *Id.*

7

higher-priority patient who was overlooked. Instead, Navarrette's allegations indicate that HDSP was aware of his condition and saw him when it could. I therefore dismiss this claim without prejudice and give Navarrette leave to amend it if he can allege true facts that cure the deficiencies that I have identified.

### 3. *Doe defendants*

It seems like Navarrette wishes to add unidentified nurses to this action. If Navarrette chooses to amend this claim and to include those nurses, he should identify them as "Doe 1/2/3/etc." and describe what each Doe specifically did. As a general rule, the use of "Doe" pleading to identify a defendant is not favored.[40] But there are situations "where the identity of alleged defendants will not be known prior to the filing of a complaint."[41] If Navarrette chooses to plead a deliberate-indifference claim against Doe defendants, he must plead facts that allow for the inference for each element of the claim as described in Section (2).

### 4. *Fourteenth Amendment*

Prisoners have no due-process rights to the handling of grievances in any particular manner.[42] Also, a violation of state laws or local regulations[43] does not constitute a violation of a person's constitutional right to due process.[44] The case law is clear: Navarrette cannot state a

---

[40] *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

[41] *Id.*

[42] *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that a state's unpublished policy statements establishing a grievance procedure do not create a constitutional protected liberty interest because there is no legitimate claim of entitled to a grievance procedure); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (recognizing that there is no liberty interest in the processing of appeals because prisoners are not entitled to a specific grievance process); *Patterson v. Kane*, case no. 06-15781, 2006 WL 3698654, at *1 (9th Cir. Dec. 13, 2006) (unpublished) (recognizing that denial of a grievance does not rise to the level of a constitutional violation).

[43] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 does not provide a cause of action for violations of state law. *See Galen v. County of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007).

[44] *Swarthout v. Cooke*, 562 U.S. 216, 222 (2011).

colorable due-process claim against any NDOC or HDSP employee based on improper grievance handling.

**C.     Leave to amend**

Navarrette is granted leave to file an amended complaint to cure the deficiencies identified in this order. If he chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint and, thus, must be complete in itself.[45] Navarrette's amended complaint must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit.

Navarrette must also file the amended complaint on this court's approved prisoner-civil-rights form and it must be titled "First Amended Complaint." Navarrette must follow the instructions on the form. For each count, he should allege sufficient facts to show what each defendant did to violate his constitutional rights.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that a decision on the application to proceed *in forma pauperis* [ECF No. 1] is DEFERRED.

The **Clerk of Court** is directed to **DETACH and FILE the complaint [ECF No. 1-1] and SEND Navarrette a copy of it.**

The **Clerk of Court** is also directed to **SEND to Navarrette** the approved form for filing a § 1983 complaint, instructions for completing it, and a copy of his original complaint.

IT IS FURTHER ORDERED that the Eighth Amendment deliberate-indifference claim is DISMISSED without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Fourteenth Amendment due-process claim is DISMISSED with prejudice because amendment would be futile.

---

[45] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that, if Navarrette chooses to file an amended complaint that cures the deficiencies I have identified, **he must do so by September 13, 2018.** He must file his amended complaint on this court's approved § 1983 form complaint, and he must also write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that, **if Navarrette chooses NOT to file an amended complaint curing the deficiencies outlined in this order, this action will be DISMISSED.**

IT IS FURTHER ORDERED that the motion for service of summons and complaint **[ECF No. 3] is DENIED as premature.**

IT IS FURTHER ORDERED that the motion for immediate screening **[ECF No. 4] is DENIED as moot.**

Dated: August 20, 2018

_____
U.S. District Judge Jennifer A. Dorsey